# In the United States District Court for the Southern District of Georgia Brunswick Division

JOSEPH DARREL BARNHILL;

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

    Defendant.

CV 220-096

## ORDER

Plaintiff Joseph Barnhill moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 24. Plaintiff requests $5,400.72 in attorney's fees ($4,564.99 in EAJA petition, id., and additional $835.73 for reply, dkt. no. 27). The Commissioner does not dispute fees should be awarded but opposes the amount Plaintiff requests. Dkt. No. 26. Plaintiff has replied, dkt. no. 27, and this motion is ripe for review.

## LEGAL AUTHORITY

The Court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the Government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and

(5) no circumstances make the award unjust. See 28 U.S.C. § 2412(d). The fee award must also be reasonable. Id. § 2412(d)(2)(A).

## DISCUSSION

The Commissioner does not dispute that Plaintiff satisfied the first five requirements under § 2412(d). See Dkt. No. 26. The Commissioner does dispute, however, the reasonableness of the hours claimed by Plaintiff's counsel. See id.

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." The Court should exclude hours found to be "excessive, redundant, or otherwise unnecessary." Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

The Court is an "expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these

2

determinations.'" Vilano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).

Here, the Commissioner makes four arguments against Plaintiff's motion for attorney fees: (1) Plaintiff claims fees for tasks which are clerical in nature; (2) Plaintiff should not be compensated for requesting an extension of time; (3) Plaintiff's paralegal billing rate is too high; and (4) Plaintiff should not be compensated for litigating fees. See generally Dkt. No. 26. Plaintiff responds that all the time billed is compensable, that the paralegal rate is justified, and that he should be compensated for drafting a reply brief to his fees motion. Dkt. No. 27.

**I.  Clerical Tasks**

The Court first addresses the Commissioner's argument that Plaintiff seeks nonrecoverable fees for clerical work. Dkt. No. 26 at 3-6. "[N]either an attorney nor a paralegal may recover attorney's fees for time spent on work that is secretarial or clerical in nature." Milie v. City of Savannah, No. 4:18-CV-117, 2020 WL 4041118, at *9 (S.D. Ga. July 16, 2020). Such secretarial or clerical tasks clearly include filing or mailing documents; organizing files; administrative phone calls; scheduling; and drafting form pleadings. See id.; B & F Sys., Inc. v. LeBlanc, No. 7:07-CV-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012), aff'd, 519 F. App'x 537 (11th Cir. 2013).

3

The Court finds the following attorney entries to be clerical or partially clerical and therefore not compensable: .5 of .7 hours to "Draft complaint, ccs, proposed summons, litigants bill of rights, LR 7.1.1;" and .1 of .5 hours for "Preliminary review of transcript-assign Attorney writer." Dkt. No. 25-3 at 2, 3. Similarly, the following paralegal entries are clerical or partially clerical and therefore not compensable: .3 of .6 hours for "Files received, reviewed and processed from referral source for attorney review;" .6 hours for "Federal court contract & other rep docs prepared for client completion;" .3 hours for "FDC contract returned via Right Signature, reviewed for completion;" .2 of .4 hours to "Combine, strip PDF/A, OCR and live bookmark federal court transcript (369 pages);" and .3 hours for "Federal Court-Process remand for referral back to Referral Source." Dkt. No. 25-4 at 2, 3. This totals .6 attorney hours (.5 at $203.94 hourly rate and .1 at $214.29 hourly rate) and 1.7 paralegal hours which will be subtracted from Plaintiff's counsel's compensable legal time.

## II.  Request for Extension of Time

The Commissioner next argues that it should not be charged for attorney and paralegal time for Plaintiff to obtain additional time to file his brief. Dkt. No. 26 at 6. Plaintiff counters the extension was necessary because the agency's "revamped system"—its solution for dealing with a backlog of

4

cases caused by the pandemic—allowed records to be "rapidly filed in federal court, causing numerous simultaneous deadlines for all Social Security attorneys." Dkt. No. 27 at 4. Additionally, Plaintiff argues that the extension was not for the benefit of Plaintiff alone and that the Commissioner—who also had numerous deadlines—benefitted just the same. Id. at 5.

A fee award under the EAJA is limited to those hours that are necessary and reasonably expended. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Other courts have disallowed recovery under the EAJA for time spent on motions for extensions of time where the need for an extension was caused by the prevailing party's counsel's inefficient case management. See Hensley v. Principi, 16 Vet. App. 491, 498 (2002) ("Although the Court's Rules permit such motions [for extension], permitting an appellant to ask for an extension of a deadline and finding that the public fisc should subsidize such efforts are two entirely different matters."); Strazzella v. Shinseki, No. 07-2864 E, 2011 WL 398392, at *7 (Vet. App. 2011) (unpublished) ("The time spent on such motions is not compensable to the extent that it would not have been necessary 'had the appellant's counsel more efficient managed his workload.'" (quoting Principi, 16 Vet. App. at 499)).

Here, Plaintiff claims .1 paralegal hours for "Emails with opposing counsel re: extension of time to file Plaintiff's

5

Brief" and .4 combined attorney hours to "Draft and file motion for extension of time re: Plaintiff's brief" and "Review order granting extension of time re: Plaintiff's brief." Dkt. Nos. 25-3 at 3, 25-4 at 2. Because Plaintiff's reason for requesting an extension is valid and out of his control, and because the time spent is reasonable, Plaintiff will be awarded attorney's fees associated with preparing and filing the motion for extension.

**III. Paralegal Rate**

The Commissioner objects to Plaintiff's requested rate of $100 per hour for paralegal work performed in 2020 and 2021. Dkt. No. 26 at 7; see also Dkt. No. 25 at 2; Dkt. No. 25-4. Plaintiff argues that the paralegal rate in this district should be increased from $75 to $100 to be more in line with the National Utilization and Compensation Survey Report created by the National Association of Legal Assistants. Dkt. No. 27 at 5-6.

Courts use the prevailing market rate to determine the appropriate fee to award for the use of a paralegal. Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 577-78 (2008). The plaintiff has the burden to produce evidence that the requested rates are in line with market rates in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); N.A.A.C.P. v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

6

"[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988).

In short, Plaintiff has not met his burden to produce evidence to show a $100 paralegal rate is in line with market rates *in this district*. Indeed, rather than producing affidavits from local paralegals, Plaintiff argues only why the paralegal market rate *should* be increased, not that it in fact *has* been increased since this Court's 2019 decision in Horton v. Saul, CV 417-199, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019), which found a $75 paralegal rate to be reasonable. Plaintiff's compensable paralegal time will be reduced to a rate of $75 per hour.

## IV.  Litigating Fees

Lastly, the Commissioner argues that time Plaintiff spent preparing his reply to the Commissioner's response in opposition to Plaintiff's EAJA petition is not compensable. Dkt. No. 26 at 7-8. Plaintiff argues fee litigation is compensable and requests an additional 3.9 attorney hours at $214.29 per hour, for a total of $835.73. Dkt. Nos. 27 at 6, 27-6.

The Supreme Court has stated, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990). With that in mind, because

7

Plaintiff was partially successful in defending his EAJA petition, the Court awards Plaintiff forty percent of the $835.73 requested, or $334.29, for drafting the reply.

## CONCLUSION

Plaintiff's requested attorney's fees award of $5,400.72 ($4,564.99 EAJA petition + $835.73 for reply) should be reduced to $4,482.78 (2.5 attorney hours at $203.94; 15.3 attorney hours at $214.29; 4.8 paralegal hours at $75; and $334.29 for reply), which is reasonable compensation for the work performed.

The Court **ORDERS** as follows:

1) Plaintiff should be awarded $4,482.78 in attorney's fees.

2) The United States Department of the Treasury should determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the Government should accept Plaintiff's assignment of EAJA fees and pay the fees awarded directly to Plaintiff's counsel.

**SO ORDERED**, this 19 day of April, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA